**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **SCOT SMITH,** | ) | **CASE NO. 3:21-CV-02266-JZ** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE JACK ZOUHARY** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **FIREXO GROUP LIMITED,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Firexo Group Limited ("FGL") for its Answer to the First Amended Complaint of Plaintiff Scot Smith ("Plaintiff" or "Smith") states as follows:

**<u>INTRODUCTION</u>**

1.      In response to Paragraph 1 of the Amended Complaint, FGL admits that FGL is an English-based private limited company that develops fire protection products.  FGL denies the remainder of the allegations contained in Paragraph 1 of the Amended Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

2.      In response to Paragraph 2 of the Amended Complaint, FGL admits that Firexo fire extinguishers are able to extinguish numerous types of fires. FGL admits that its fire extinguishers have been tested consistent with EN3 testing processes. FGL denies the remainder of the allegations contained in Paragraph 2 of the Amended Complaint.

3.      In response to Paragraph 3 of the Amended Complaint, FGL admits that Mr. Smith invested in Firexo, Inc. and FGL. FGL further admits that Mr. Smith obtained control of over 50% of the outstanding shares of Firexo, Inc. stock. FGL further admits that Mr. Smith purchased 2,964 shares of FGL stock. FGL denies the remainder of the allegations contained in Paragraph 3 of the

Amended Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

4.      FGL denies the allegations contained in Paragraph 4 of the Amended Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

5.      FGL denies the allegations contained in Paragraph 5 of the Amended Complaint relating to Mr. Smith's state of mind for lack of knowledge or information sufficient to form a belief as to their truth. FGL denies the remainder of the allegations contained in Paragraph 5 of the Amended Complaint.

6.      FGL denies the allegations contained in Paragraph 6 of the Amended Complaint.

## PARTIES

7.      FGL denies the allegations contained in Paragraph 7 of the Amended Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

8.      FGL admits the allegations contained in Paragraph 8 of the Amended Complaint.

## JURISDICTION AND VENUE

9.      FGL admits that it is a United Kingdom company headquartered in England. FGL denies the allegations contained in Paragraph 9 of the Amended Complaint relating to Mr. Smith's citizenship for lack of knowledge or information sufficient to form a belief as to their truth. FGL denies the remaining allegations contained in Paragraph 9 of the Amended Complaint.

10.      FGL denies the allegations contained in Paragraph 10 of the Amended Complaint.

11.      FGL denies the allegations contained in Paragraph 11 of the Amended Complaint.

## **FACTUAL BACKGROUND**

12.     In response to Paragraph 12 of the Amended Complaint, FGL admits that FGL designs and markets fire protection products and sachets that extinguish numerous types of fires. FGL denies the remainder of the allegations contained in Paragraph 12 of the Amended Complaint.

13.     In response to Paragraph 13 of the Amended Complaint, FGL admits that it was introduced to Mr. Smith in connection with Protocol 6 Limited. Further answering, Mr. Smith is part of Protocol 6 Limited and thus Mr. Smith solicited the introduction to FGL and introduced himself to FGL. FGL denies the remaining allegations contained in Paragraph 13 of the Amended Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

14.     In response to Paragraph 14 of the Amended Complaint, FGL admits that it discussed a potential joint venture with Mr. Smith under which Firexo, Inc. would serve as a distributor of FGL products in the United States. FGL admits that its discussions with Mr. Smith took various forms. FGL denies the remainder of the allegations contained in Paragraph 14 of the Amended Complaint.

15.     FGL denies the allegations contained in Paragraph 15 of the Amended Complaint.

16.     In response to Paragraph 16 of the Amended Complaint, FGL admits that Mr. Smith received a copy of FGL's May 2019 Investor Update via email on or about June 16, 2019. To the extent the allegations of Paragraph 16 purport to quote, paraphrase, or characterize the contents of that written document, the document speaks for itself and FGL denies the allegations contained in Paragraph 16 of the Amended Complaint to the extent that they are inconsistent with that document. FGL denies the remaining allegations contained in Paragraph 16 of the Amended Complaint.

4883-0131-7397, v.4

17.     In response to Paragraph 17 of the Amended Complaint, FGL admits that Mr. Breith attended a meeting in Ohio that Mr. Smith also attended on or about January 11, 2020. To the extent the allegations of Paragraph 17 of the Amended Complaint purport to quote, paraphrase, or characterize the contents of a written document, such document speaks for itself and FGL denies the allegations contained in Paragraph 17 of the Amended Complaint to the extent that they are inconsistent with such document. FGL denies the allegations contained in Paragraph 17 of the Amended Complaint.

18.     In response to Paragraph 18 of the Amended Complaint, FGL admits that Mr. Smith received a copy of a draft document discussing a summary of FGL's financials for the year ended December 31, 2019 on or about May 29, 2020. To the extent the allegations of Paragraph 18 of the Amended Complaint purport to quote, paraphrase, or characterize the contents of that written document, the document speaks for itself and FGL denies the allegations contained in Paragraph 18 of the Amended Complaint to the extent that they are inconsistent with that document. FGL denies the remaining allegations contained in Paragraph 18 of the Amended Complaint.

19.     FGL denies the allegations contained in Paragraph 19 of the Amended Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

20.     In response to Paragraph 20 of the Amended Complaint, to the extent the allegations of Paragraph 20 purport to quote, paraphrase, or characterize the contents of a written document, such document speaks for itself and FGL denies the allegations contained in Paragraph 20 to the extent that they are inconsistent with such document. FGL denies the remaining allegations contained in Paragraph 20 of the Amended Complaint.

a.     In response to Paragraph 20.a. of the Amended Complaint, to the extent the allegations of Paragraph 20.a. purport to quote, paraphrase, or characterize the

4

contents of a written document, such document speaks for itself and FGL denies the allegations contained in Paragraph 20.a. to the extent that they are inconsistent with such document. FGL denies the remaining allegations contained in Paragraph 20.a. of the Amended Complaint.

b.  In response to Paragraph 20.b, of the Amended Complaint, FGL admits that Mr. Smith received an email from Mr. Breith on or about July 17, 2019.  To the extent the allegations of Paragraph 20.b. purport to quote, paraphrase, or characterize the contents of that written document, the document speaks for itself and FGL denies the allegations contained in Paragraph 20.b. to the extent that they are inconsistent with that document. FGL denies the remaining allegations contained in Paragraph 20.b. of the Amended Complaint.

c.  In response to Paragraph 20.c. of the Amended Complaint, FGL admits that Mr. Breith attended a meeting in Ohio that Mr. Smith also attended on or about January 11, 2020. To the extent the allegations of Paragraph 20.c. purport to quote, paraphrase, or characterize the contents of a written document, such document speaks for itself and FGL denies the allegations contained in Paragraph 20.c. to the extent that they are inconsistent with such document. FGL denies the allegations contained in Paragraph 20.c. of the Amended Complaint.

21.    In response to Paragraph 21 of the Amended Complaint, FGL admits that on or about August 3, 2019, Mr. Smith and FGL executed a Shareholder's Agreement. To the extent that the allegations of Paragraph 21 purport to quote, paraphrase, or characterize the contents of that written document, the document speaks for itself and FGL denies the allegations contained in Paragraph 21 to the extent that they are inconsistent with that document. FGL further admits that

5

FGL incorporated Firexo, Inc. in 2018 to serve as a distributor of FGL products in the United States. FGL denies the remainder of the allegations contained in Paragraph 21 of the Amended Complaint.

22.     In response to Paragraph 22 of the Amended Complaint, FGL admits that Mr. Smith purchased 2,964 shares of FGL stock for a total cost of $587,523.40.  FGL denies the remaining allegations contained in Paragraph 22 of the Amended Complaint.

23.     In response to Paragraph 23 of the Amended Complaint, FGL admits that Mr. Smith executed certain documents, forms and agreements in connection with his purchase of shares of FGL stock. FGL admits that Mr. Smith made four separate purchases of shares of FGL stock. FGL admits that it received payment for Mr. Smith's purchase of FGL shares via wire transfer. FGL denies the remaining allegations contained in Paragraph 23 of the Amended Complaint.

24.     In response to Paragraph 24 of the Amended Complaint, FGL admits that Firexo reported quality issues with respect to a small number of fire extinguishers in or around October 2020. FGL denies the remaining allegations contained in Paragraph 24 of the Amended Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

25.     FGL denies the allegations contained in Paragraph 25 of the Amended Complaint.

26.     FGL denies the allegations contained in Paragraph 26 relating to Mr. Smith's state of mind for lack of knowledge or information sufficient to form a belief as to their truth. FGL denies the remainder of the allegations contained in Paragraph 26 of the Amended Complaint.

27.     In response to Paragraph 27 of the amended Complaint, FGL admits that its fire extinguishers have been tested consistent with EN3 testing processes. FGL denies the remaining allegations contained in Paragraph 27 of the Amended Complaint.

28. FGL admits that it sent a European joint venture partner a cease-and-desist letter. To the extent the allegations of Paragraph 28 purport to quote, paraphrase, or characterize the contents of that written document, the document speaks for itself and FGL denies the allegations contained in Paragraph 28 of the Amended Complaint to the extent that they are inconsistent with that document. FGL denies the remaining allegations contained in Paragraph 28 of the Amended Complaint.

29. FGL denies the allegations contained in Paragraph 29 of the Amended Complaint.

30. FGL admits that Smith, through counsel in the United Kingdom, requested documentation demonstrating that FGL received EN3 accreditation and an ingredient list with respect to Firexo products. FGL denies the remaining allegations contained in Paragraph 30 of the Amended Complaint.

31. FGL denies the allegations contained in Paragraph 31 of the Amended Complaint.

## CAUSES OF ACTION

## COUNT ONE: RESCISSION OF FGL STOCK PURCHASES

32. In response to Paragraph 32, FGL repeats and incorporates by reference its responses to the allegations in Paragraphs 1 through 31 set forth above.

33. FGL denies the allegations contained in Paragraph 33 of the Amended Complaint.

34. FGL denies the allegations contained in Paragraph 34 of the Amended Complaint.

35. FGL denies the allegations contained in Paragraph 35 of the Amended Complaint.

36. FGL denies the allegations contained in Paragraph 36 of the Amended Complaint.

37. In response to the allegations contained in Paragraph 37, FGL denies that Mr. Smith is entitled to any relief. FGL denies the remaining allegations contained in Paragraph 37 of the

4883-0131-7397, v.4

Amended Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

## COUNT TWO: DAMAGES [IN THE ALTERNATIVE TO COUNT ONE]

38.     In response to Paragraph 38, FGL repeats and incorporates by reference its responses to the allegations in Paragraphs 1 through 37 set forth above.

39.     In response to the allegations contained in Paragraph 39 of the Amended Complaint, FGL denies that Mr. Smith is entitled to any relief.  FGL denies the remaining allegations contained in Paragraph 39 of the Amended Complaint.

## COUNT THREE: RECISSION BASED UPON FRAUD IN VIOLATION OF SECTION 10(B) OF THE SECURITIES EXCHANGE ACT OF 1934, 15 U.S.C. § 78J(B) AND RULE 10B-5, 17 C.F.R. § 240,10B-5, AND SECTION 17(A) OF THE SECURITIES ACT OF 1933, 15 U.S.C. § 77Q(A)

40.     In response to Paragraph 40, FGL repeats and incorporates by reference its responses to the allegations in Paragraphs 1 through 39 set forth above.

41.     FGL denies the allegations contained in Paragraph 41 of the Amended Complaint.

42.     FGL denies the allegations contained in Paragraph 42 of the Amended Complaint.

43.     FGL denies the allegations contained in Paragraph 43 of the Amended Complaint.

44.     FGL denies the allegations contained in Paragraph 44 of the Amended Complaint.

45.     FGL denies the allegations contained in Paragraph 45 of the Amended Complaint.

46.     FGL denies the allegations contained in Paragraph 46 of the Amended Complaint.

47.     FGL denies that Mr. Smith is entitled to any relief. FGL denies the remaining allegations contained in Paragraph 47 of the Amended Complaint.

48.     FGL denies the allegations contained in Paragraph 48 of the Amended Complaint for lack of knowledge or information sufficient to form a belief as to their truth.

## COUNT FOUR: DAMAGES [IN THE ALTERNATIVE TO COUNT THREE]

49.    In response to Paragraph 49, FGL repeats and incorporates by reference its responses to the allegations in Paragraphs 1 through 48 set forth above.

50.    In response to the allegations contained in Paragraph 50 of the Amended Complaint, FGL denies that Mr. Smith is entitled to any relief.  FGL denies the remaining allegations contained in Paragraph 50 of the Amended Complaint.

## COUNT FIVE: VIOLATION OF O.R.C. § 1701.93 - DAMAGES

51.    In response to Paragraph 51, FGL repeats and incorporates by reference its responses to the allegations in Paragraphs 1 through 50 set forth above.

52.    FGL denies the allegations contained in Paragraph 52 of the Amended Complaint.

53.    FGL denies the allegations contained in Paragraph 53 of the Amended Complaint.

54.    FGL denies the allegations contained in Paragraph 54 of the Amended Complaint.

55.    FGL denies the allegations contained in Paragraph 55 of the Amended Complaint.

## COUNT SIX: RESCISSION BASED UPON UNLAWFUL SALE OF A SECURITY - O.R.C § 1707.44 AND § 1707.43

56.    In response to Paragraph 56, FGL repeats and incorporates by reference its responses to the allegations in Paragraphs 1 through 55 set forth above.

57.    FGL denies the allegation contained in Paragraph 57 of the Amended Complaint.

58.    FGL denies the allegation contained in Paragraph 58 of the Amended Complaint.

59.    FGL denies the allegations contained in Paragraph 59 of the Amended Complaint.

60.    FGL denies the allegations contained in Paragraph 60 of the Amended Complaint.

61.    FGL denies the allegations contained in Paragraph 61 of the Amended Complaint.

62.    FGL denies the allegations contained in Paragraph 62 of the Amended Complaint.

63.    FGL denies the allegations contained in Paragraph 63 of the Amended Complaint.

4883-0131-7397, v.4

64.     FGL denies the allegations contained in Paragraph 64 of the Amended Complaint.

65.     FGL denies the allegations contained in Paragraph 65 of the Amended Complaint.

66.     FGL denies the allegations contained in Paragraph 66 of the Amended Complaint.

## COUNT SEVEN: DAMAGES [IN THE ALTERNATIVE TO COUNT SIX]

67.     In response to Paragraph 67, FGL repeats and incorporates by reference its responses to the allegations in Paragraphs 1 through 66 set forth above.

68.     FGL denies the allegations contained in Paragraph 68 of the Amended Complaint.

69.     FGL denies the allegations contained in Paragraph 69 of the Amended Complaint.

## PRAYER FOR RELIEF

70.     FGL denies all allegations contained in the WHEREFORE paragraph and denies that Mr. Smith is entitled to any relief requested therein.

71.     FGL denies all allegations of the Amended Complaint not specifically and expressly admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

1.  This Court lacks subject matter jurisdiction over Mr. Smith's claims.

### Second Defense

2.  This Court lacks personal jurisdiction over FGL.

### Third Defense

3.  Mr. Smith brought this lawsuit in an improper venue or inconvenient forum. The Amended Complaint should be dismissed or transferred to a different venue.

### Fourth Defense

4.  The Courts of England and Wales have exclusive jurisdiction over Mr. Smith's claims pursuant to the Governing Law and Jurisdiction clauses in the parties' agreements.

4883-0131-7397, v.4

**Fifth Defense**

5.  The Amended Complaint should be dismissed, in whole or in part, because Mr. Smith's claims involve issues already raised in litigation pending in the United Kingdom and could result in inconsistent judgments.

**Sixth Defense**

6.  The Amended Complaint should be dismissed, in whole or in part, due to improper forum shopping.

**Seventh Defense**

7.  The Amended Complaint should be dismissed, in whole or in part, because Mr. Smith's claims infringe upon extraterritoriality principles.

**Eighth Defense**

8.  The Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**Ninth Defense**

9.  The Amended Complaint is barred, in whole or in part, because Mr. Smith fails to plead fraud-based claims with the requisite particularity pursuant to Federal Rule of Civil Procedure 9(b).

**Tenth Defense**

10. The Amended Complaint is barred, in whole or in part, because Mr. Smith fails to allege the existence of any actionable material misstatement or omission.

**Eleventh Defense**

11. The Amended Complaint is barred, in whole or in part, because Mr. Smith fails to sufficiently allege that FGL acted with requisite scienter and FGL did not act with scienter.

4883-0131-7397, v.4

**Twelfth Defense**

12. The Amended Complaint is barred, in whole or in part, because Mr. Smith fails to sufficiently allege loss causation and/or transaction causation. Specifically, FGL was not the cause of any alleged injury or loss or damages suffered by Mr. Smith.

**Thirteenth Defense**

13. The Amended Complaint is barred, in whole or in part, because Mr. Smith has failed to join necessary indispensable parties.

**Fourteenth Defense**

14. The Amended Complaint is barred, in whole or in part, by the doctrines of unclean hands and *in pari delicto*.

**Fifteenth Defense**

15. The Amended Complaint is barred, in whole or in part, as a result of the doctrines of laches, waiver, consent, preclusion, and estoppel.

**Sixteenth Defense**

16. The Amended Complaint is barred, in whole or in part, by the applicable statutes of limitation and/or statute of repose.

**Seventeenth Defense**

17. The Amended Complaint is barred, in whole or in part, because Mr. Smith lacks standing to assert the claims alleged therein.

**Eighteenth Defense**

18. The Amended Complaint is barred, in whole or in part, by the defenses of res judicata and collateral estoppel.

4883-0131-7397, v.4

### Nineteenth Defense

19. The Amended Complaint is barred, in whole or in part, because Mr. Smith did not suffer any cognizable injury or damages caused by FGL.

### Twentieth Defense

20. The Amended Complaint is barred, in whole or in part, because Mr. Smith failed to mitigate his damages and failed to exercise due diligence in an effort to mitigate damages (to which, in any event, Mr. Smith is not entitled).

### Twenty-First Defense

21. The Amended Complaint is barred, in whole or in part, on the basis of Mr. Smith's contributory negligence, comparative negligence, avoidable consequences, and/or assumption of risk.

### Twenty-Second Defense

22. The Amended Complaint is barred, in whole or in part, because Mr. Smith's claims are contrary to, and in contravention of, applicable state and federal law.

### Twenty-Third Defense

23. The Amended Complaint is barred, in whole or in part, because Mr. Smith fails to meet the pleading standards of the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-5 and 15 U.S.C. § 77z-2 ("PSLRA").

### Twenty-Fourth Defense

24. The Amended Complaint is barred, in whole or in part, because the statements complained of were immune from liability under the safe harbor provisions of the PSLRA.

### Twenty-Fifth Defense

25. The Amended Complaint is barred, in whole or in part, because Mr. Smith purchased the securities referenced in the Amended Complaint with actual or constructive knowledge of the risks

involved in an investment in FGL, the risks involved in FGL's business, and other material risks to FGL's business and operations, and assumed the risk that the value of the securities referenced in the Amended Complaint would decline if such risks materialized.

### Twenty-Sixth Defense

26. The Amended Complaint is barred, in whole or in part, because some or all of the alleged disclosures bespoke caution or were forward looking statements.

### Twenty-Seventh Defense

27. The Amended Complaint is barred, in whole or in part, because Mr. Smith either knew or should have known about the matters alleged in the Amended Complaint, and his own negligence or other fault proximately caused the injuries he allegedly suffered from the purchase and sale of the securities referenced in the Amended Complaint.

### Twenty-Eighth Defense

28. FGL denies that Mr. Smith is entitled to the compensatory damages or recission requested in the Amended Complaint.

### Twenty-Ninth Defense

29. FGL denies that Mr. Smith is entitled to the punitive damages requested in the Amended Complaint.

### Thirtieth Defense

30. FGL denies that Mr. Smith is entitled to recovery of attorney's fees.

### Thirty-First Defense

31. The Amended Complaint is barred, in whole or in part, because FGL did not misrepresent any alleged fact or omit any alleged fact that it was under a duty to disclose.

4883-0131-7397, v.4

**Thirty-Second Defense**

32. The Amended Complaint is barred, in whole or in part, because FGL neither owed nor breached any duty to Mr. Smith to disclose information allegedly omitted, and had no duty to verify, opine upon, audit, review or correct such information that FGL disclosed.

**Thirty-Third Defense**

33. The Amended Complaint is barred, in whole or in part, because FGL denies that it acted fraudulently, recklessly, negligently, or otherwise engaged in any act of deceit, conspiracy, fraud, or any other action, alleged conduct, or alleged omission, which was a proximate cause of injury to Mr. Smith.

**Thirty-Fourth Defense**

34. The Amended Complaint is barred, in whole or in part, because FGL justifiably relied on information provided to it by others.

**Thirty-Fifth Defense**

35. The Amended Complaint is barred, in whole or in part, because any damages or injuries suffered by Mr. Smith are the proximate result, either in whole or in part, of actions or omissions of persons or entities other than FGL.

**Thirty-Sixth Defense**

36. The Amended Complaint is barred, in whole or in part, because the statements alleged in the Amended Complaint, if any were in fact made, did not contain untrue material facts, and statements alleged to have been made (if any) had a reasonable basis and in fact were immaterial as a matter of law. At all times, FGL acted without intent to defraud and without recklessness, and FGL believed, at the time the alleged statements were made (if at all), that those statements were correct and not misleadingly incomplete.

### Thirty-Seventh Defense

37. The Amended Complaint is barred, in whole or in part, because Mr. Smith would have purchased the securities referenced in the Amended Complaint even with full knowledge of the facts that he now alleges were misrepresented or omitted.

### Thirty-Eighth Defense

38. The Amended Complaint is barred, in whole or in part, because at all relevant times, Mr. Smith did not rely on any material misrepresentations or omissions, or on the price or on the integrity of any valuation of the securities as affected by any alleged misrepresentations or omissions, in purchasing FGL securities.

### Thirty-Ninth Defense

39. The Amended Complaint is barred, in whole or in part, because of the absence of actual reliance by Mr. Smith on the statements, acts, or omissions alleged in the Amended Complaint to have been made or, in the alternative, because any reliance (if proved) was unreasonable.

### Fortieth Defense

40. The Amended Complaint is barred, in whole or in part, because any information that FGL allegedly had a duty to disclose, was in fact disclosed.

### Forty-First Defense

41. The Amended Complaint is barred, in whole or in part, because in connection with the making of any statements to Mr. Smith in relation to his purchase of FGL securities, FGL exercised reasonable due diligence and/or reasonably relied on information provided to it by its professional advisors and experts, and reasonably and in good faith believed such statements to be materially accurate and not misleadingly complete.

16

### Forty-Second Defense

42. The Amended Complaint is barred, in whole or in part, because the facts that are alleged to have been misrepresented or omitted were in fact known to Mr. Smith. Mr. Smith is not entitled to any recovery because the substance of the allegedly material information that Mr. Smith alleges to have been omitted or misrepresented was in fact disclosed to Mr. Smith, and/or in documents referenced in the Amended Complaint, on Firexo's website, and from other sources that were otherwise publicly available or widely available to the market.

### Forty-Third Defense

43. The Amended Complaint is barred, in whole or in part, because any alleged depreciation in the value of FGL securities held by Mr. Smith resulted from factors other than the purported misstatements or omissions alleged in the Amended Complaint.

### Forty-Fourth Defense

44. The Amended Complaint is barred, in whole or in part, because FGL had, after reasonable investigation, reasonable ground to believe and did believe that the statements complained of were true and that there was no omission to state a material fact required to be stated or necessary to make the statements not misleading.

### Forty-Fifth Defense

45. The Amended Complaint is barred, in whole or in part, because FGL at no time was aware of facts indicating the probability that statements being made by FGL to Mr. Smith were materially incorrect or misleadingly incomplete.

### Forty-Sixth Defense

46. The Amended Complaint is barred, in whole or in part, because the alleged statements in the Amended Complaint, if any were in fact made, were not made for the purpose of inducing the purchase or sale of a security.

### Forty-Seventh Defense

47. The Amended Complaint is barred, in whole or in part, because any recovery by him would constitute unjust enrichment.

### Forty-Eighth Defense

48. The Amended Complaint is barred, in whole or in part, because without admitting that Mr. Smith suffered damages as a result of any act or omission of FGL, any damages that may be awarded in connection with the claims asserted in the Amended Complaint are offset and/or must be reduced by the amount of the tax benefits accruing to Mr. Smith by virtue of his reduction of capital loss, in order to prevent unjust enrichment.

### Forty-Ninth Defense

49. The Amended Complaint is barred, in whole or in part, because his injuries or damages (which are denied), to the extent they exist, were caused by supervening events.

### Fiftieth Defense

50. The Amended Complaint is barred, in whole or in part, because FGL did not cause the violations alleged in the Amended Complaint.

### Fifty-First Defense

51. The Amended Complaint is barred, in whole or in part, because at all times mentioned in the Amended Complaint, and with respect to the matters contained therein, FGL acted in good faith and exercised reasonable care and did not know, and in the exercise of reasonable care could

not have known, of any alleged misconduct, untruth, omission, or any other action alleged in the Amended Complaint.

### Fifty-Second Defense

52. The Amended Complaint is barred, in whole or in part, because Mr. Smith failed to tender his securities as required for rescission.

### Fifty-Third Defense

53. The Amended Complaint is barred, in whole or in part, because any alleged violations by FGL did not materially affect the protection afforded under the Ohio Securities Act.

### Fifty-Fourth Defense

54. The Amended Complaint is barred, in whole or in part, because Mr. Smith fails to plead a cause of action for sale of securities not registered with the Ohio Division of Securities that are not exempt from registration.

### Reservation of Rights

55. FGL reserves the right to assert any additional defenses as they become known and applicable throughout this proceeding.

### <u>PRAYER FOR RELIEF</u>

WHEREFORE, FGL respectfully requests that judgment be entered in its favor and against Mr. Smith on his Amended Complaint; that the Amended Complaint be dismissed with prejudice; and that FGL be awarded all costs and fees, including attorney's fees, and any other relief that the Court deems just and proper.

4883-0131-7397, v.4

Respectfully submitted,

/s/ *Jason J. Blake*

Jason J. Blake (0087692)
Calfee, Halter & Griswold LLP
1200 Huntington Center
41 S. High Street
Columbus, Ohio 43215
Telephone: (614) 621-1500
Facsimile: (614) 621-0010
jblake@calfee.com

Mitchell G. Blair (0010892)
David T. Bules (0083834)
Calfee, Halter & Griswold LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
mblair@calfee.com
dbules@calfee.com

*Attorneys for Defendant Firexo Group
Limited*

4883-0131-7397, v.4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document has been filed via the Court's authorized e-filing system on this 31st day of March, 2022 which will provide electronic notification to all parties of record.

/s/ Jason J. Blake
One of the Attorneys for Defendant Firexo
Group Limited

21